We will be hearing one case this afternoon, Batello v. Navient Solutions, and we should have Judge Roth on by video, just to confirm. You can see and hear us, Judge Roth? Am I showing up on the monitor? You are. I am, okay. And you can hear me? Yes, because you're answering my questions. Indeed. Okay. So with that, we will begin. We'll start with you, Ms. Blank. Thank you. Good afternoon and may it please the court. My name is Steve Blank and I'm here today on behalf of the appellant Navient Solutions. I have reserved three minutes of my time for rebuttal. Very good. Navient appeals the district court's denial of its motion to compel arbitration. The parties in this case agreed to arbitrate any claim, dispute, or controversy that relates in any way to the second note or to any document that itself relates in any way to the transactions that are evidenced by the second note. But the district court here ignored the plain language of the parties agreement and instead concluded that only claims with a significant relationship to the second note subject to arbitration. Ms. Blank, you spend a lot of your briefing talking about how any does not mean significant and the difference between that test and the logical or causal connection test. Do you agree that if we conclude that a significant relationship test applies that we should affirm? So, no, I don't agree. It depends on which significant relationship test the court adopts. For example, in this court's decision in Ray Rimacad, the court explained that it was rejecting but for test and instead determining that a dispute was related to the contract if it referred to it or relied on it with respect to the claims that were made. I think under that test, the claims here would be arbitrable. So where do the claims here either refer to or rely upon the second note itself? So I think it relies in large part on the interest rate differential in the second note and the allegations of the complaint rely on that term to establish motive intent as the court, the district court described. It is reference to that interest rate differential that forms the basis for Battello's allegations that Navient misapplied intentionally the loan payment for the purpose of profiting as a result of the interest rate differential. And so many of the causes of action that she's alleged include an intent or knowledge element and that's what she alleges in the complaint to satisfy those elements. Ms. Blank, I'm looking at what I believe is a copy of the bill you would send out and that refers to interest and to principal payment of both loan one and loan two. So to me, it seemed to be a significant relationship of both loans in the one document sent to Ms. Bottello. And I gather that you had a procedure for changing that allocation, but she apparently said she wanted you to, but did she ever send you proper notice to do so? No, Your Honor. There's no indication that she followed the instructions for changing the allocation methodology or instructed Navient even in an incorrect way. There's no there's no indication that she made any effort to do that. And I think Your Honor's point is a very good one. The question was whether there is a relationship to the second note. Of course, that's not the only basis for arbitration under this arbitration agreement. A dispute is also arbitrable if it relates to documents that themselves relate to the transactions evidenced in the second note. And of course, these combined monthly statements are just that. These are documents that relate to the transactions. And it, of course, includes a plain statement about how payments will be allocated and instructs that if the borrower wants to change that, they're free to do that. They just need to write it on a piece of paper and send it in. But we get to the monthly statement really by way of your defense. She says she got an oral instruction about how to do the allocation. You're going to be pointing to the instruction that's that's there on on the monthly statement, presumably. And what's your authority for us looking to a defense that may be raised in the future and a document that incorporates that defense as a basis for saying, yes, this is a dispute or controversy. So I think first place to look is to the plain language of the agreement, because it says not only claims, but it defines claims to include disputes or controversies. And so I think that would include both defenses as well as affirmative claims. So it's not so narrow as to say you can look only at what is included in the complaint. And of course, it's going to be virtually impossible for the plaintiff to prove the complaint, the claims that she's raised in the complaint without reference to get to the language of the notes and the language of the combined statements. You know, how is she going to prove fraud if there is this understanding between them and they followed the protocol? Is that just a plain language argument as to disputes and controversies incorporating the defense and documents that will be used in the defense? Or are there some cases that you can point to? Certainly the former, but I'm not sure that I have read the cases so narrowly as to conclude that only the allegations of the complaint can give rise to an arbitration if the language is so broad as to say any dispute and controversy. So I guess I would say it's a combination of the two. Why shouldn't we analogize this to the well-plated complaint rule for purposes of federal jurisdiction for removal? We just look at what's on the face of the complaint. But you're saying we should not do that here. We should go behind it, look at the defenses. I think even if you look at what's on the face of the complaint, it's arbitrable because, of course, she refers to the difference in the interest rate. And so, you know, that by virtue of she alleges, you know, there are multiple loans and that Navient intentionally applied it to the lower rate loan. So in order to look at the allegations of the complaint and to determine those, you have to look to the second note to determine what is the interest rate? Was it a lower interest rate? Even if you disregard the defense and you look just to the allegations of the complaint, you have to, you cannot adjudicate those claims without reference to the second note, at least not as she's pledged them. The difference in the interest rate spread is her actual damage. She's speaking here to represent a class. And I wonder if there's another plaintiff who has multiple, not just a couple of loans. And there are loan agreements that don't have an arbitration clause, as well as those that do. Do your arguments still apply? Well, I'm afraid. Let me make sure I understand the question. So if we had a different plaintiff who had three notes and none of them had an arbitration provision. One has an arbitration agreement and two do not. Okay. I think it depends on what happened and what the allegations are. I mean, are the allegations that, do we have the same facts that Navient allocated the payments according to the protocol that described in the combined statement? And if so, then the answer is yes. I mean, you know, I think it would be exactly the same. And now, you know, the fact that there is an additional note without an arbitration provision, I don't think changes the analysis. But in that circumstance, you could go forward and prosecute the claim without reference to the particular note that has an arbitration clause. Not if it's allocated at across all three. Right. I mean, you know, presumably there would, you know, there would still be, you know, I think that the hypothetical that you're describing could only work if it was only allocated to another loan that did not have an arbitration provision. Because if they've allocated to a lower interest rate loan with an arbitration provision, then we have the same, you know, the same situation. The district court, the district court's conclusion here, I think, is at odds with the applicable case law. It's at odds with the dictionary definition. It's just at odds with common usage. It's interesting to me, even the Landers case that the district court relies district court of Utah case for a proposition that relates in any way means the same thing as a significant relationship that it requires a significant relationship. And that Utah case cites a South Carolina case called Landers. But if you look at the Landers decision at the end, it's very interesting. The court says something that is remarkable. It says that in its view, a significant relationship means the same thing as the touches on standard, you know, touches matters that relate to the contract. But it recognizes the tension in the usage of those terms and that a number of cases have determined that requiring a significant relationship requires a connection of greater magnitude. It's a higher standard. And the court says, we don't think that's true. We think they mean the same thing. But if we were forced to say that they were different, then we would suggest that the touches on test more accurately reflects congressional intent in this circumstance. Sorry, it's okay. May I ask you to turn back to the language of the arbitration clause, you've been pointing us to that, that it can the dispute can relate to the note. And that the dispute can also relate to other documents relating in any way to transactions evidenced by the note. But those are together under the first, the first, you know, the arbitration clause. In other words, it's not the note, you know, or it's the note and I do we need to have a actual relationship to the note itself. Or is it enough given this language that it relates to a dispute relates to a document that relates in any way to transactions evidenced by the note. Is that freestanding? I think it is. At least there's enough of a connection that the documents themselves have to relate the transactions that are memorialized in the note. So in that sense, it's never freestanding. I mean, it relates to the second loan. And the question is, then, is there a dispute, not only under the document that's the note, but also the related documents that comprise the entirety of that transaction. And I think that's what that Is there any limit on this language relates in any way. Let's say that the debtor got really angry at the loan servicer and ultimately wound up taking the note and hitting the loan servicer over the head with the note. Would that assault claim be subject to arbitration? I think it would not. And I look at the I look to the plain language again. Is that a just, I mean, using the note as a weapon to me seems to be beyond what would constitute a claim a controversy or a dispute relating that relates in any way to the note. Thank you. Thank you. We'll hear from you in rebuttal. Good afternoon. May it please the court. My name is Nicholas blinker, and I represent plaintiff appellee Ashley Patel. Higher education involves a lot of money, but surprisingly few express contracts. This is exactly what we have here. We have one of the few contracts in higher education. And I said one because the claims only involve one contract. The documents involve two contracts. The bill is for two contracts. Right. The joint monthly statements involve two contracts. Yes. Yeah. But there's no I mean it's taken as a document, isn't it. It is, and we would say that we agree that the joint monthly statements would be documents relating to the second note, but there's no causal connection, it's limited to the second note. There's a call. Yes, sorry. Okay. We would agree. The joint monthly statements are documents relating to the second note. But there's no causal connection to the claims that Miss Patel brings in the complaint. The Navy and takes issue with the significant relationship test that the district court applied. I'm of the opinion, and I believe that the brief puts this forth that there's no real difference between significant relationship, relating to connecting to, or as the third check says some logical or causal connection. I think they're all trying to get at the same thing. Every court here is looking for some nexus between a complaint, the claims, and the contract but isn't this, ultimately, this is covered by Utah law, everyone agrees. And Utah law looks to the terms of the contract has a policy favoring arbitration is not going to constrict it. And when we look at this language about relates in any way. That's a really broad formulation, whether some other arbitration agreements have a significance requirement. Why would we read that into this language. Right. Relates in any way, and maybe it spends a lot of time looking at the enemy. But the relate is the key word there. Key word here isn't it, because you have various degrees of relation and that one of the questions is to determine the degree of relation here and it is any relation and so is that not the more important word to focus on simply relates. I still think relates is a limiting factor because you can't just add things and say anything relates to the earlier to the earlier hypothetical. The defense can even bring up any defense and say, look, this is going to relate to the claims, I don't think that's going to fly here. So I understand that you're, you're requiring there be some causal connection. And pointing to that as a necessary limiting factor. I guess I'm trying to understand why we don't have that here, and how you distinguish this from the situation in Remicade, where the plan. It was the claim was an antitrust violation, based on the plan with allegedly inflated prices, but to understand how the prices were inflated, you had to look to a different agreement that had an arbitration clause. Why don't we have basically the same paradigm here. The difference is because in the Remicade, the agreement was binding here the monthly statements aren't binding. There's no. What. The second, the joint monthly statement are not finding. There's no binding binding on the mean by that. I mean that the only legally relevant claim here is what she can do with the agreement, and that's the only method legally binding and restrictive of how she can make a payment. Well, except look at the arbitration clause j 176 right hand column advertising is under this promotional materials is under this. You wouldn't say that advertising is legally binding about the ways in which can make payments. That's correct, but we're talking about payments and payments are expressly put into the contract, and they can't. This court can't read into this contract terms that Navient did not draft into the contract. Why is the analogy to the monthly statement as opposed to the second loan itself. That is the complaint alleges that there is this allocation for the purpose of maintaining higher interest rate, and to understand why there's a higher interest rate, you need to look to the other account is created by this other note. Yes, I understand. And we can actually remove those allegations entirely from the complaint and still maintain a good cause of action. The motivation for her paying the making the payment is not relevant. It's because, as I said in my, my brief, they could have had the same as that interest rate, and she still, they still would have misapplied her payment. Could I ask you to focus in j 176. This is Q arbitration agreement for the second note right hand column, focusing on this definition of claim with me. If you have Andy, pull it up, you know, the, the language your friend on the other side argues with some force is it's not just you under one it's note and any applications disclosures and other documents relating in any way to the transactions, evident by the note, the statement is a document. And it relates to the transactions, but it's by the first note and by the second note. So how is it not covered as a, as a claim. It is very tricky but I think it's the distinction between the causal connection between the claims and the monthly statements, there's just no connection there. It has to relate the document the joint statement has to relate to the claims. Okay, so you're not hanging your hat on the word significant, you're not saying we significant is in here you're saying this relates in any way language means basically the same thing. And so, this is just too far afield to relate in any way. That is one of our arguments, but if the court thinks there needs to be a significant argument I want to object to that. Okay, tell so you're not conceding that why should we read significant in. If we read relate in any way as, as this document relates in any way why should nevertheless read a significance requirement in because the court, the district court correctly interpreted Utah law, which no difference between South Carolina law, which requires a significant relationship. Doesn't Utah law ultimately focus on what the party's particular contract said. This case has nothing to do with South Carolina right. Correct, except for the that Utah law in South Carolina are essentially no different. So, I agree, it was through walk me through the chain of reasoning, by which a Utah court would find that this particular paragraph requires some threshold of significance, I'm not I'm not following and I just want you to take me step by step. Sure, let me try to back up. The Navy and says there's a difference, a huge difference between significant and any. And I think the difference. Not so huge. I think, significant, the opposite of significant isn't less significant it's insignificant. And if you look at the definitions Navy, but since they're brief significant means important to be worthy of attention or notable or large enough to be noticed. I don't think there's, I think, any relationship is covered by significant relationship there. I think if it's not significant or noticeable, then it's, there's no relationship whatsoever. It's insignificant. Thank you. I think this case, a good comparison is the Jackson versus Amazon case at the Ninth Circuit. The court cautioned against confusing the motivation of an action with the nature of the claims. The event spends a good amount of time saying that the motivation of making her payment, the interest rates is a significant effect, but that's just the motivation, as they do with her claims is not going to be evaluated. When we do. It's not an element of her claims. Okay. But it does need to be. It's that comparison, and the allegation of the motivation for it is on the face of the complaint. And how do you. If in Remicade. We said you have to by looking to the agreement that has the prices in order to establish that the prices are artificially inflated, that that's, that's enough to to relate to that makes it inexorably intertwined. Why don't we have the same thing here with the face of the complaint that is making the allegation that there's an allocation between different accounts for the purpose of profiting Navient, and to understand why there's any injury, why there's any profit margin there. We would need to look to this to the documents that establish the other loans. Establishing her damages is not legally significant to her claims. It's just going to be measuring her damages but it's not the cause of her damages. Does your argument have anything to do with the distinction between the face of the complaint versus defenses here, I mean, you admit, we're in some judgment rule 56 territory here, and doesn't seem like we've got a dispute that they're raising a defense to this but there's no prior reason why we can't consider defenses when we get to summary judgment. Sir. That's a good question. I think that the defense. I think it goes to broad because they can theoretically submit any defense and try to bring any defense that would bring in arbitration to defeat her claim, I'd like to hear your take though it two of our sister circuits to say that defenses can trigger arbitration clauses so Mitsubishi Motors from the First Circuit said that the Supreme Court affirmed didn't mention that the dissent in the Supreme Court Mitsubishi Justice Stevens would have drawn a defense claim defense distinction and so the majority. Maybe you could say implicitly rejected it but I didn't. First Circuit is still good. And then JJ Ryan reads Mitsubishi that way. The Fourth Circuit says defenses can establish a relationship. Are you saying we shouldn't follow the first and the fourth circuits here are you saying those decisions were wrongly decided, and if not, then how is this case distinguishable. I think the difference is going to be on summary judgment, you're going to have to look a little bit at the merits and see whether or not it's a valid defense that that's very strange for us I mean normally that we leave that to the arbitrator this ability is a threshold question. I think we are not permitted to look at the merits in determining arbitration are we not. I would make the comparison to a class certification mission where you have to look a little bit at the merits to make the determination, even though you're not determining the merits. You're not making a determination on the merits. So I would make that comparison, you need to look and see whether it's a valid, valid defense or whether it's a defense that's not going to fly in arbitration because otherwise we go to arbitration, and then the defense comes up. Never talk about the joint monthly statement. Matter of summary judgment. If we find is a matter of law that there that there is not a claim stated that would force if there is a valid defense include that defense. Now the issue would be, are there issues of fact that have not been sufficiently developed for summary judgment, but if in determining summary judgment. There is a valid defense hanging out there I think it would be inappropriate to refuse summary judgment on the basis of the complaint without considering a valid factually determined defense. Yes, I would take it as on the pleadings standard evaluating whether or not a defense has a good has a good notice defense, whether there's any grounds for that defense, like evaluating on a 12 will 12 motion to strike a defense. I'd like to ask you just one other thing about the arbitration clause, and the paragraph defining claim. In addition to the language that we've been focusing on it, it goes through a few other kinds of documents. And then it says, this includes without limitation disputes concerning as relevant here, the scope of this arbitration agreement or the, the note disputes involving alleged fraud or misrepresentation or breach of contract, where the, the provision here itself is saying that questions about the scope of the clause are included in the definition. Why shouldn't it be crystal clear under this particular agreement that it needs to go to arbitration. Right, so the scope only comes into play. If you're getting to the second note, because there's no agreement on the first note, there's not we don't get to the second question of whether or not this dispute is in the scope. But that's what this whole appeal is about. Right. Yes. And honestly, if you didn't raise this issue below about the scope and whether or not we should just go and have the arbitrary determine the scope. I would have a tougher argument here today, if that was already below. Okay. Any other questions to draw. Thank you. Thank you. Thank you. Thank you, just a few points in rebuttal. I think Judge Krauss point is exactly the part of no one under Remicade, you don't need to look to the combined statements, you look to the second note, because it is the interest rate differential that forms the pricing contract equivalent by reference to Remicade. Thank you. In response to judge be Mrs question about how Utah law will work on this. I think that the statement of Utah law is found in the Willow Creek decision. And that's the case that adopts this court's rationale from in Ray Remicade, and says that it's a logical or causal connection, not a significant relationship. Okay. You have to be sick of hearing me say that significant does not mean the same as any, but I'll say it one more time, and I'll offer just a common sense example. We hear people from time to time, talk about his or her significant other. They generally do not mean the other when they say that there is a real difference in the common usage of those terms. My friend argues that motivation has nothing to do with Miss patello's claims. But it's hard to escape the allegations of the complaint. In fact, motivation to drive profitability by misapplying the loan funds is the genesis of, I mean it is what the court said it is the basis for her assertion that they misapplied it intentionally to be more profitable. I would also say that damages are certainly an element of her claims, and the actual damages that she alleged the difference between the interest rate on the two lines. What do you say as to the definition of the claim, reaching the scope of the arbitration clause itself. I do think it includes that. I mean I think it includes, I mean, you only have to look at that arbitration clause to realize that folks drafted that in as broad a fashion, as they thought they could, you know, in one of the cases, said I think maybe it's Willow Creek says, you know, it's hard to envision a broader arbitration provision, the one that refers to any relationship, and here they don't stop there, they start to list all of these other things to avoid further confusion about what might be subsumed within the scope of that of that clause, and it's quite clear that the intention, the parties was to make it as broad as possible. But to Mr linkers point that you didn't raise below an argument about the language here that claim includes disputes concerning the scope of the arbitration agreement. Do you agree that that was not preserved. So I don't think that it was an articulated ground in the motion to compel arbitration, that the court couldn't even reach the predicate issue of whether or not it should consider the issue. So, in that respect, I would agree with that it was not a separate ground, but I do think that it nonetheless informs the decision that we're facing today, which is how broad is the provision, and what were the parties intent in terms of describing what should be for the arbitrator and what should be for the court. Thank you. Okay. Any other questions. No I have nothing further. Okay, very good. And we thank both our council for their excellent arguments today, and we will take the case under advisement.